VEVE *v.* MUNICIPALITY OF FAJARDO.

APPEAL from the District Court of Humacao.

No. 823.—Decided June 29, 1912.

COSTS—ATTORNEY'S FEES.—Section 327 of the Code of Civil Procedure as amended by Act of March 12, 1908, contains the mandatory provision that in all cases where in an action or proceeding costs are allowed to one party if the matter in litigation exceeds $500 in value said party shall be entitled to receive from the defeated party the amount due the former's attorney for his services.

ID.—VALUE OF PROPERTY IN LITIGATION—ATTORNEY'S FEES.—In order that the successful party may be entitled to collect attorney's fees from the defeated party it is necessary that the subject matter of the action be certain, specific, or assessable and that the value thereof may be fixed, and attorney's fees cannot be collected as part of the costs when the value of the subject matter is undetermined or unassessable.

ID.—INJUNCTION—VALUE OF PROPERTY IN LITIGATION—ATTORNEY'S FEES.—In accordance with the doctrine laid down in the preceding paragraph, when, as in the case at bar, it is impossible to estimate whether or not the value of the property in litigation exceeds $500, attorney's fees cannot be collected as part of the costs even though the value of the lands to which the injunction refers is $2,000, because that fact does not mean necessarily that the right claimed in the complaint in which the injunction is prayed for exceeds $500.

ID.—CONSTRUCTION OF LAW.—Laws governing costs should not be construed liberally or beyond their literal sense but should be construed strictly.

ID.—DISBURSEMENTS IN SUIT—ATTORNEY'S FEES—CONSTRUCTION.—Sections 327 and 339 of the Code of Civil Procedure as amended by the Act of March 12,

1908, refer to costs, disbursements, and attorney's fees, therefore such distinction should be borne in mind and disbursements and attorney's fees cannot be considered as included in costs.

ID.—MEANING OF WORD "COSTS."—In costs are included fees and indemnities consisting of sums fixed and unalterable previously specified by law, rule or tariff.

ID.—DISBURSEMENTS IN SUIT.—Disbursements are understood to be the expenses of a suit which are not included in costs as defined in the preceding paragraph, or, in other words, the indemnities and fees not consisting of fixed and unalterable sums previously specified by law, rule, or tariff.

ID.—ATTORNEY'S FEES.—Under the designation attorney's fees remuneration for the professional services of a lawyer is understood.

ID.—CONSTRUCTION OF JUDGMENT AND LAWS RELATIVE TO COSTS.—A judgment which provides for the payment of costs only refers to the costs alone and not to disbursements and attorney's fees, because judgments carrying costs as well as laws relative to costs should be construed strictly.

ID.—JUDGMENT WHICH SENTENCES TO PAYMENT OF COSTS—ATTORNEY'S FEES.—Attorney's fees as well as disbursements are demandable only when the judgment which sentences a party to the payment of costs expressly includes the payment of disbursements and attorney's fees. When a judgment sentences a party to the payment of costs only, attorney's fees and disbursements cannot be claimed as part of the costs.

ID.—WHO MAY ADJUDGE THE PAYMENT OF ATTORNEY'S FEES AND DISBURSEMENTS—SUBSTITUTE JUDGE.—The judge who presides at the trial of an action or proceeding is the only one empowered to sentence a party to the payment of attorney's fees and disbursements, a judge who substitutes the one rendering judgment not having such power.

ID.—APPEAL—OBJECTION TO MEMORANDUM OF COSTS—EXCESSIVE COSTS.—The right to collect costs, disbursements, and attorney's fees can be contested only on appeal from the judgment and not in an objection to the memorandum of costs, disbursements, or attorney's fees, in which proceeding only the amount thereof can be objected to because of its being undue or excessive.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Rafael Cuevas Zequeira* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the District Court for the Judicial District of Humacao Santiago Veve, on December 20, 1910, filed a complaint of injunction against the Municipality of Fajardo, represented by the then mayor thereof, Luis Celis Alquier, praying that a preliminary writ of injunction be issued against the defendant enjoining it in the future and until otherwise ordered from granting permission, authorization, license, etc.,

to any person to erect any house or building on the lands described in the complaint, or to reconstruct, reinforce, or repair any house already constructed on said lands, and that costs be taxed against the defendant.

The lands referred to in the complaint comprise 7.30 *cuerdas* situated in the place denominated Hatillo, *barrio* Florencia, of Fajardo. They are traversed from east to west by Cemetery Street, and the plaintiff acquired the same by public deed of August 4, 1910, from Enrique Bird for the sum of $2,000.

On January 3, 1911, the date fixed for the hearing of the complaint of injunction, the same was held, both parties having appeared before the judge, Enrique Lloreda, who upon the merits of the pleadings, of the evidence admitted, and the arguments of counsel, rendered final decision on the 3d of February following, wherein it was held that the nature of the case required that the injunction issued be made permanent, with costs to the adverse party.

Seven days later the plaintiff filed, duly sworn, the following

### MEMORANDUM OF COSTS AND FEES.

| | |
|---|---:|
| December 20, 1910. For complaint of injunction, appearance in court to apply for writ of injunction and trip to Humacao, and other proceedings | $200 |
| Deposit made in court for judicial expenses | 10· |
| Two automobile trips of attorney and witnesses from San Juan to Humacao and return by way of Fajardo on December 20 and January 3 | 100· |
| Preparation of evidence and appearance at hearing of injunction on January 3, 1911, and trip to Humacao, one day and a half | 300· |
| Coach for marshal from Fajardo to Humacao to serve writ of injunction | 10 |
| Expenses of witnesses | 15· |
| To notary for oaths to affidavits | 2 |
| Total | $637 |

The defendant objected to said memorandum on the ground that the plaintiff had no right to costs although the judgment rendered in the proceedings may have been in his favor, since such proceedings did not involve the recovery of a subject matter the value or amount of which could be fixed at or deemed to be more than $500, in accordance with the Act of the Legislative Assembly, approved March 12, 1908. It was stated also that if the objection was not sustained on such ground the costs claimed would be objected to as excessive.

The attorney for Santiago Veve maintained that the memorandum objected to was proper, alleging that the items thereof were just, reasonable, and equitable, and that the value or amount of the subject matter exceeded $500 since the land that the injunction referred to was worth $2,000 when Veve acquired the same, and the questions in controversy in the case were of great importance.

The court, by Judge J. A. López Acosta, rendered decision on November 1, 1911, allowing items 2, 4, and 5 of the memorandum presented—that is, the items relative to the deposit in court for costs, the coach for the use of the marshal in serving the writ of injunction, and for the expenses of witnesses—which items amount to $35.

This order is submitted to our consideration by virtue of the appeal taken by counsel for Santiago Veve, and considering the legal provisions applicable to the case we deem the order to conform to the law.

Sections 327 and 339 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, by which we must be guided in deciding the present appeal, read as follows:

"Section 327.—Parties to actions or proceedings are entitled to costs and disbursements incurred by them, subject to the rules hereinafter provided. In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds $500, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services; *Provided,*

That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; and *Provided, further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered.

"Section 339.—Costs shall be claimed by the party to whom the same have been allowed by filing with the clerk of the court, within 10 days after the final judgment or decision, a memorandum of his costs and necessary disbursements in the action and of the amount of the fees of his attorney. Said memorandum must be verified by the oath of the party or his attorney.

"The party against whom the costs have been taxed shall be furnished with a copy of said memorandum by the party presenting the same, and he may object to all or any of the items thereof within 10 days after the receipt by him of his copy. In case of objection the adverse party may file his reply thereto within five days after he has been served with a copy of such objection. The court shall fix a day for the hearing of the matter, and after hearing such evidence as may be introduced by the parties shall give its decision.

"Should objection be made to the fees of an attorney on the ground that they are excessive, the court shall, upon deciding said objection, if the same be sustained, determine the amount that shall be paid therefor    *    *    *."

As may be seen, the provision contained in section 327, that in all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds $500, the said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services, is mandatory.

Costs have been allowed the plaintiff, but for this sole reason he is not entitled to collect attorney's fees from the adverse party, because in the present case we cannot determine if the subject matter exceeds $500 or not. Truly, the value of the lands to which the injunction refers exceeds said sum since the plaintiff acquired them from Enrique Bird by public deed of August 4, 1910, for the sum of $2,000, but that fact does not lead us necessarily to the conclusion that the

right claimed by the complaint of injunction also exceeds said sum. In establishing the aforesaid provision the law presumes that the subject matter in a case is certain, determined, or assessable, and that the value thereof may be fixed. When the value is uncertain or cannot be assessed there are no lawful grounds for the application of the aforesaid legal provision. It cannot be argued that if the value of the lands affected by the injunction exceeds $500 the injunction takes the same condition, because the letter of the law does not authorize such deduction, and statutes which allow costs are not to be construed liberally and extended beyond the letter, but are to be construed strictly, as stated in deciding the case of *González* v. *Gromer,* 16 P. R. R., 1, decided January 17, 1910; and the case of *Modesto et al* v. *Succession Dubois,* 16 P. R. R., 709, decided on November 21 of the same year.

But admitting in mere hypothesis that the amount of the injunction in question exceeds $500, under such assumption we are of the opinion that the items of the memorandum of cost relative to fees of the attorney for the plaintiff have been properly excluded from said memorandum by the order appealed from, as the item of $100 for return trips of the attorney and witnesses in automobiles and that of $2 to the notary for oath to the affidavits are in the same class. The defendant was adjudged to pay the costs, but disbursements made by the plaintiff during the proceedings and his attorney's fees are not costs.

The above-transcribed sections 327 and 339 refer to costs, disbursements, and attorney's fees, and therefore we must accept this same distinction and cannot include disbursements and fees in the term costs.

The distinction between costs and disbursements is found already established in Law VIII, Title XXII, of the 3d *Partida,* where it states that "It is convenient, that others may dread doing so, to punish those who, knowing they have no title to the thing claimed, institute proceedings maliciously against the holders thereof and bring them to trial, thereby

causing them great costs and obliging them to make great disbursements.''

The term *costs* includes fees and reimbursements consisting of fixed and unalterable amounts previously specified by laws, regulations, or tariffs; and the term *disbursements* means the other expenses of a suit—that is, reimbursements and fees not comprised in the aforesaid term. Compensation for professional services is included in the term *attorney's fees*.

If, as established above, costs, disbursements, and attorney's fees are distinctly defined, a judgment which imposes the payment of costs refers to costs only and not to disbursements and attorney's fees, since if, as above stated, statutes which allow costs are to be strictly construed, *a pari sensu* a judgment imposing costs should also be strictly construed.

It cannot be argued that section 327, in providing that in all cases where costs are allowed to one party said party is entitled to collect from the defeated party the amount of fees due the former's attorney for his services, established *ipso facto* that all judgments allowing costs necessarily include attorney's fees though it may not be stated in the judgment. We cannot accept such construction because we deem that although said provision of law seems to recognize the right of the litigant, when costs are allowed, to collect attorney's fees from the defeated party, such right should be declared in the judgment by expressly allowing attorney's fees, as may be deduced from the provisions contained in section 327 that nothing therein shall be construed to allow attorney's fees *to be included in costs taxed* against a defendant who shall not have entered appearance in an action or proceeding, and that *fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding,* the degree of blame, if any, of the party against whom judgment is rendered to be considered.

We find therefore that attorney's fees can be demanded only when the reimbursement thereof is decreed expressly by

the judge taking cognizance of the action or proceeding, and the same must be held in regard to disbursements. In the present case Judge Lloreda, who took cognizance of the injunction proceedings, could have made such finding but did not do so. Judge López Acosta would have lacked power to do so.

The right to collect the amounts included under such headings, which right may have been declared by judgment, cannot be argued in objecting to the memorandum of costs, disbursements, and fees, but the argument should be limited on the ground of excessive fees or of undue or excessive items of costs and disbursements to the extent of such right.

The order appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.